IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DON FREDRICK HANCOCK, JR.                                    PETITIONER

VERSUS                                CIVIL ACTION NO. 1:08-cv-226-HSO-JMR

CHRISTOPHER EPPS                                             RESPONDENT

### MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER'S OBJECTION, ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DISMISSING ACTION WITH PREJUDICE

This matter is before the Court on Petitioner Don Fredrick Hancock, Jr.'s

Objection [14] to Chief Magistrate Judge John M. Roper's Report and

Recommendation [12].  Judge Roper reviewed Petitioner's Petition [1], Petitioner's

Memorandum in Support [3], Respondent's Response [7], Petitioner's [10] Rebuttal,

the record, and the relevant law, and recommended that Petitioner Don Fredrick

Hancock, Jr.'s Petition [1] for Writ of Habeas Corpus be denied.  *See* Report and

Recommendation, at p. 34.

## I.  DISCUSSION

Because Petitioner has filed an Objection [14] to the Magistrate's proposed

findings and recommendations, the Court applies a *de novo* standard of review to

those proposed findings and recommendations to which an objection is made.  28

U.S.C. § 636(b)(1); Rule 8(b) of RULES GOVERNING SECTION 2254 CASES IN THE

UNITED STATES DISTRICT COURTS.  Based on this review, the Court finds that the

Magistrate Judge's Report and Recommendation is well reasoned, and that it

correctly finds the applicable facts and applies the governing legal standards.  As

discussed in more detail below, the Court will therefore overrule Petitioner's

Objection, and adopt the Magistrate Judge's Report and Recommendation as the

opinion of this Court.

A.    Evidentiary Hearing

Petitioner objects to the Magistrate Judge's finding that Petitioner is not

entitled to an evidentiary hearing in this Court.  Obj. [14], at pp. 1-8; Report and

Recommendation, at pp. 3-4.  The Magistrate Judge looked to 28 U.S.C. §

2254(e)(2), and the Court's discretion, to determine whether to conduct an

evidentiary hearing.  Report and Recommendation, at p. 3.  Petitioner contends that

"the wrong standard has been used to make the determination that an evidentiary

hearing should not be granted."  Obj. [14], at p. 2.  However, even if the Court

considered whether a hearing is appropriate or required under pre-AEDPA

standards, as Petitioner contends, the result would not change.

The Fifth Circuit Court of Appeals has recently explained that

> [u]nder AEDPA, requests for evidentiary hearings are to be evaluated
> under the provisions of subsection 28 U.S.C. § 2254(e)(2).  Where the
> habeas petitioner has failed to develop the factual basis of his claim due
> to his lack of diligence, he is only entitled to an evidentiary hearing if the
> applicant can show (1) that his claim relies on "a new rule of
> constitutional law, made retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable" or "a factual predicate
> that could not have been previously discovered through the exercise of
> due diligence," and (2) the facts underlying the claim are "sufficient to
> establish by clear and convincing evidence that but for constitutional
> error, no reasonable fact finder would have found the applicant guilty of
> the underlying offense."  28 U.S.C. § 2254(e)(2).  These exceptions,
> however, are only applicable when the failure to develop the factual basis
> is a result of the petitioner's lack of diligence.  *Murphy v. Johnson*, 205
> F.3d 809, 815 (5th Cir. 2000); [*McDonald v. Johnson*, 139 F.3d 1056, 1059

> (5th Cir. 1998)]. Where the failure to develop the factual basis of the claim in state court is not due to the petitioner's actions, the district court retains discretion over the decision to grant an evidentiary hearing. *Murphy*, 205 F.3d at 815; *McDonald*, 139 F.3d at 1059-60.

*Woods v. Thaler,* 2010 WL 4272751, *14 (5th Cir. Oct. 25, 2010).

> This subsequent determination is committed to the district court's discretion pursuant to Rule 8 of the Rules Governing § 2254 Cases. In determining whether an evidentiary hearing is proper, the district court may expand the record and consider affidavits, exhibits, or other materials that cast light on the merits of the petition.

*McDonald*, 139 F.3d at 1060.

The Court is not persuaded that such an expansion is warranted in this case. The Court has sufficient facts before it to make an informed decision on the merits of Plaintiff's claim. Therefore, the Court will accept the Magistrate Judge's determination that Petitioner is not entitled to an evidentiary hearing in this Court.

B.   <u>Jury Instruction S-2</u>

Petitioner also objects to the Magistrate Judge's finding that the Mississippi Court of Appeals' decision that the introduction of instruction S-2 was harmless "was not contrary to or an unreasonable applicable of the harmless error standard of *Brecht*." Report and Recommendation, at p. 24; *see* Obj. [14], at pp. 8-10. Petitioner contends that "it does not matter what anyone did or did not say on the witness stand." Obj. [14], at p. 9. Rather, "[a]t the end of the day the jury was told not to worry about the fact that the state failed to submit into evidence the weapon alleged to have been used in this robbery." *Id.* However, as the Magistrate Judge pointed out in the Report and Recommendation, there was uncontradicted evidence

in the record that Petitioner was armed during the robbery.  After thoroughly reviewing the record as a whole, and even assuming that the error in the challenged instruction amounted to "constitutional error," the Court finds no prejudice.  The Court is of the opinion that the Mississippi Court of Appeals' harmlessness determination as to jury instruction S-2 was not unreasonable.  *See Fry v. Pliler*, 551 U.S. 112, 119-20 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).  No relief is available to Petitioner under § 2254 on this claim.

## II.  CONCLUSION

After thoroughly reviewing the Petition and related pleadings, the findings in the Report and Recommendation, Petitioner's Objection [14], and the record as a whole, the Court finds that Petitioner's Objection is not well taken or supported by the record, and should be overruled.  The Court further finds that the Magistrate's Report and Recommendation [12] should be adopted as the finding of the Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [14] filed in this cause on May 28, 2010, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [12] of Chief Magistrate Judge John M. Roper, entered on May 12, 2010, should be, and hereby is, adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the [1] Petition for Writ of Habeas Corpus filed by Petitioner Don Fredrick Hancock, Jr., pursuant to 28 U.S.C. § 2254 should be and hereby is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this action is hereby **DISMISSED WITH PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of March, 2011.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE